UNITED STATES DISTRICT COURT FOR THE

NORTHEREN DISTICT OF ILLINOIS

| | |
|---|---|
| Donald W. Davis II,<br><br>200 East Highway 14,<br><br>Janesville, WI 53545,<br><br>    Petitioner,<br><br>V.<br><br>The Attorney General of the State of Illinois,<br><br>    Respondent | Case No.: 07 C 50248<br><br>No. Judge Kapala<br><br>CIRCUIT COURT JUDGE PUMILIA<br><br>**RECEIVED**<br><br>DEC 2 6 2007<br><br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

**PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner is before this court seeking the dismissal of the criminal charges against him and released from his confinement under bond, he is currently on a signature bond. Thus petitioner proceeds pursuant to 28 U.S.C. §2254 by which this court has jurisdiction.

Petitioner is currently in the 17th judicial circuit, county of Winnebago, with a 11/30/07 court date, before Judge Pumilia, court case No.: 07CF2394. He has exhausted all remedies available to him. ON 8/31/07, in case No. 07CF2394, 07CF2395 and 07CM4477, petitioner submitted to Judge Pumilia a Motion to Dismiss, pursuant to 725 ILCS5/114-(a)(11). It was based on his

having been arrested and detained from 6/19/07 until 8/31/07, approximately 1,720 hours, without a judicial determination of probable cause. See **Gerstein V. Pugh, 420 U.S. 103, 114, 43 L.Ed. 2d. 54, 65, 95 S.Ct. 854, 863.**, a probable cause hearing within 48 hours generally passes constitutional muster.

On 8/31/07, Judge Pumilia did elect to hold a hearing on said motion and denied such. On 9-07-07 petitioner filed an appeal of which, until this date 11-19-07, has not received a response.

Petitioner hereby asserts that he has been denied his constitutional rights under the fourth, fourteenth and eighth amendments of the United States Constitution, Art. I Sec. 7 of the Illinois state constitution and section 725 ILCS 5/109-1 of the Illinois statute, which grants him the right to a probable cause hearing.

Petitioner asserts that upon his first court appearance he did inform the public defender, Alison Crisman, that he wanted a preliminary hearing. According to the courts ruling in, **People v. Mitchell, 366, Ill. App. 3d 1044 (2006) 853 N.E. 2d 900** (Under the fourth amendment of the United States Constitution, a defendant arrested without a warrant has the right to a probable cause hearing as a prerequisite to an extended restraint on liberty.), **Gerstein V. Pugh, 420 U.S. 103, 114, 43 L.Ed. 2d. 54, 65, 95 S.Ct. 854, 863.** ( The Supreme Court has held that a judicial determination of probable cause within 48 hours of

arrest generally passes constitutional muster.) and **County of Riverside v. McLaughlin, 500 U.S. 44, 56, 114 L. Ed. 2d 49, 63, 111 S. Ct. 1661, 1670.** ( When a probable cause determination is not made within 48 hours of arrest, the defendant no longer has the burden to show unreasonable delay. The burden shifts to the State to show the existence of an emergency or other extraordinary circumstance.). Petitioner should have had a judicial probable cause determination within 48 hours and pursuant to 725 ILCS 5/114-1 (a)(11), the charges should be dismissed and petitioner released.

As such, petitioner ask this court to grant the following; dismiss the charges against him and release him from the restraint upon his liberty by the signature bond, and any other relief this court deems he is entitled. Petitioner is currently held in the Rock County, Janesville, Wisconsin, jail on a probation hold based on the above mentioned charges.

I, Donald Davis, do state under penalty of perjury, that the foregoing is true and correct, and that this petition for a writ of habeas Corpus was placed in the Dodge County Jail mailing system on 11/21/07        .

Dated this 20th day of November, 2007

_Ronald B. Davis_
11-21-07



Donald Davis
Dodge County Detention Facility
216. W. Center St,
Juneau, WI 53039

MILWAUKEE WI 536
21 DEC 2007 PM 4 T

RECEIVED
DEC 26 2007
US MARSHALS

Office of the Clerk
United States District Court 92-20-07
211 South Court Street 2nd Floor
Rockford, IL 61101